**IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON**

**DIVISION II**

| | |
|---|---|
| STATE OF WASHINGTON,<br><br>Respondent,<br><br>v.<br><br>PETER JOSEPH MALDONADO, JR.,<br><br>Appellant. | No. 53529-7-II<br><br><br><br>UNPUBLISHED OPINION |

GLASGOW, J.—Peter Joseph Maldonado Jr. was convicted of second degree assault of a child because he shook his infant, LM, who was less than three months old, causing head injuries, seizures, retinal hemorrhages, and other injuries. Based on a special verdict finding that LM was a particularly vulnerable victim, Maldonado received an exceptional sentence.

Maldonado appeals his sentence, arguing that the particularly vulnerable victim aggravating factor was unconstitutionally vague. He also contends that the evidence was insufficient to support the jury's finding that LM was particularly vulnerable. Under *State v. Brush*,[1] the particularly vulnerable victim aggravating factor is not subject to a constitutional vagueness challenge because it is a sentencing guideline statute. Accordingly, we do not consider whether the statute was unconstitutionally vague. And the evidence was sufficient for a rational jury to find beyond a reasonable doubt that LM was a particularly vulnerable victim. We affirm.

FACTS

LM was born in late August 2017. In November 2017, LM's parents brought her to the hospital because she was having seizures. LM was admitted and diagnosed with a subdural

---

[1] 5 Wn. App. 2d 40, 60, 425 P.3d 545 (2018).

hematoma, brain damage resulting from insufficient oxygen, seizures, retinal hemorrhages, broken ribs, and a broken finger.

The hospital contacted law enforcement because LM's injuries were consistent with child abuse. Maldonado agreed to participate in a formal investigative interview. During the interview, which was recorded and ultimately played for the jury at trial, Maldonado told Detective Christopher Bowl that he shook LM 10 times. Maldonado also described other events he thought could have accidentally caused LM's injuries, including dropping LM from chest height onto carpet, going for a run with her strapped to his chest, accidentally hitting her head with a baby carrier, and an incident in which she rolled off a futon.

Dr. Elizabeth Woods, a physician who specializes in evaluating child abuse, reviewed LM's medical records and sent law enforcement a report concluding that LM's injuries and symptoms appeared to be caused by nonaccidental internal head trauma.

The State charged Maldonado alternatively with first and second degree assault of a child. The charges included the particularly vulnerable victim aggravating factor.

At trial, the State presented the testimony of four doctors who treated LM at the hospital. Dr. Justin Shields, a child neurologist, testified that he could not make conclusions about the cause of LM's head trauma, he said LM's symptoms matched the symptoms of babies who have been shaken. Dr. James Bailey, an ophthalmologist, testified that LM had retinal hemorrhages in both eyes and noted, "[T]here are very few things that cause retinal hemorrhages in children, particularly infants -- so our main concern whenever we see something like that is for a [nonaccidental] trauma, what's also termed as shaken baby syndrome." Verbatim Report of Proceedings (VRP) (June 17, 2019) at 702. Bailey also told the jury that infants are particularly susceptible to injuries caused by shaking because "an infant's head is disproportionally large

compared to the rest of their body compared to . . . [an] older child," and "they don't have very strong neck musculature to support their head." *Id.* at 704.

Maldonado also testified at trial. He denied shaking LM. He acknowledged telling Bowl he shook LM, but said he did so only because Bowl would not accept any other explanation and Maldonado did not want his wife to be blamed. At trial, Maldonado did not dispute LM's injuries and diagnoses, but said he had no explanation for their cause.

The jury was instructed on first and second degree assault of a child. The jury was also instructed that it had to determine "[w]hether the defendant knew or should have known that the victim was particularly vulnerable or incapable of resistance." Clerk's Papers (CP) at 41. "'[P]articularly vulnerable'" meant the child was "more vulnerable to the commission of the crime than the typical victim." CP at 42. "A person commits the crime of assault of a child in the second degree if the . . . child is under the age of thirteen." CP at 33.

The jury found Maldonado guilty of second degree child assault and that LM was a particularly vulnerable victim.

At the sentencing hearing, the State asked the trial court to exercise its discretion to impose an exceptional sentence above the standard range for second degree assault of a child in light of the jury's special verdict finding. Both parties and the trial court agreed that the jury's finding permitted an exceptional sentence but that the trial court was not required to impose one. The trial court imposed an exceptional sentence of 60 months, which was above the standard range, but below the statutory maximum. The trial court also entered findings of fact and conclusions of law supporting its decision to enter an exceptional sentence.

Maldonado appeals his sentence.

3

ANALYSIS

A.    Unconstitutional Vagueness

1.    Waiver

As an initial matter, we note that Maldonado did not object below to the particularly vulnerable victim jury instruction or propose a clarifying instruction. An issue not raised at the trial court generally may not be raised for the first time on appeal unless it is a manifest error affecting a constitutional right. RAP 2.5(a)(3). However, Maldonado does not challenge the jury instruction specifically, and illegal or erroneous sentences may be challenged for the first time on appeal. *State v. Bahl*, 164 Wn.2d 739, 744, 193 P.3d 678 (2008). Maldonado is challenging the imposition of an allegedly illegal or erroneous exceptional sentence, so we conclude his argument was not waived by his failure to object to the jury instruction.

2.    Applicability of vagueness doctrine to sentencing guideline statutes

Maldonado asserts that the vagueness doctrine applies to the particularly vulnerable victim aggravating factor. Maldonado acknowledges that the Washington Supreme Court held in *State v. Baldwin*[2] that a defendant may not bring a vagueness challenge to a sentencing guideline statute such as the one at issue here. But Maldonado argues that the United States Supreme Court's ruling in *Blakely v. Washington*[3] and the Supreme Court's holding in *State v. Allen*[4] invalidated *Baldwin*. According to Maldonado, under *Blakely* and *Allen*, aggravating factors are now elements because "[o]nce found by the jury, they effectively prescribe a higher sentencing range." Br. of Appellant at 14. Thus, they are subject to constitutional vagueness challenges. *Id.* We disagree.

---

[2] 150 Wn.2d 448, 459, 78 P.3d 1005 (2003).

[3] 542 U.S. 296, 124 S. Ct. 2531, 159 L. Ed. 2d 403 (2004).

[4] 192 Wn.2d 526, 538-39, 431 P.3d 117 (2018).

The particularly vulnerable victim aggravating factor is a sentencing guideline, not a requirement. If a unanimous jury finds beyond a reasonable doubt that "[t]he defendant knew or should have known that the victim of the . . . offense was particularly vulnerable or incapable of resistance" under RCW 9.94A.535(3)(b), then the trial court "*may* sentence the offender . . . to . . . confinement up to the maximum allowed . . . for the underlying conviction." RCW 9.94A.537(6) (emphasis added). To exercise its discretion to impose an exceptional sentence based on this statutory aggravating factor, the trial court must determine that "the facts found [by the jury] are substantial and compelling reasons justifying an exceptional sentence." *Id.*

In *Baldwin*, the Supreme Court held that sentencing guideline statutes that give courts discretion to impose an exceptional sentence were not subject to a vagueness challenge. 150 Wn.2d at 458-59. Sentencing guideline statutes "do not define conduct nor do they allow for arbitrary arrest and criminal prosecution by the State," and they do not "vary the statutory maximum and minimum penalties assigned to illegal conduct by the legislature." *Id.* at 459. Consequently, "[a] citizen reading the guideline statutes will not be forced to guess at the potential consequences that might befall one who engages in prohibited conduct because the guidelines do not set penalties." *Id.* This means "the due process considerations that underlie the void-for-vagueness doctrine have no application in the context of sentencing guidelines." *Id.*

Then in *Blakely*, the Court held that under the Sixth Amendment to the United States Constitution, any fact that allows the imposition of a penalty above the standard range, other than prior convictions, must be found by a jury beyond a reasonable doubt. 542 U.S. at 301.

In *Brush,* we recently applied *Baldwin* and held that aggravating factors under RCW 9.94A.535(3) are still not subject to vagueness challenges post-*Blakely*. 5 Wn. App. 2d at 63. Like Maldonado, Brush argued that *Blakely* invalidated *Baldwin.* Brush asserted that aggravators under

RCW 9.94A.535(3) should be treated the same as aggravating factors that fix particular sentences subjecting them to vagueness challenges. *Id.* at 60-63. We rejected Brush's argument, holding that a jury's finding of an aggravating factor under RCW 9.94A.535(3) does "'not specify that a particular sentence must be imposed' or 'require[] a certain outcome.'" *Id.* at 62 (alteration in original) (quoting *Baldwin*, 150 Wn.2d at 461). We explained, "RCW 9.94A.535 still provides the trial court with discretionary authority to impose or not to impose an exceptional sentence even when the jury finds an aggravating factor." *Id.* For that reason, we concluded, "*Baldwin* remains good law" and held that the defendant could not assert a vagueness challenge under RCW 9.94A.535(3). *Id.* at 63. Our decision in *Brush* was consistent with Division Three's analysis of the same issue in *State v. DeVore*, 2 Wn. App. 2d 651, 665, 413 P.3d 58 (2018).

Maldonado claims *Brush* was wrongly decided because the aggravating factors under RCW 9.94A.535(3) "effectively prescribe a higher sentencing range" because "the existence of an aggravator is necessary to impose" the exceptional sentence. Br. of Appellant at 14. However, a jury's finding of an aggravating factor under RCW 9.94A.535(3) does not require the imposition of an exceptional sentence; it merely *permits* the judge to enter the exceptional sentence. RCW 9.94A.535(3), .537(6); *see Brush*, 5 Wn. App. 2d at 62.

Maldonado also suggests we must revisit *Brush* because, he claims, *Allen* established that "aggravating factors are elements." Br. of Appellant at 14 (citing *Allen*, 192 Wn.2d at 542-43). But in *Allen*, the Supreme Court held that "a fact other than proof of a prior conviction that *increases the minimum penalty* authorized by law must be treated as an element, not a sentencing factor, for Sixth Amendment purposes." 192 Wn.2d at 539 (emphasis added). In *Allen*, the aggravating factors increased the minimum penalty for first degree murder "from a term of years to mandatory life imprisonment without the possibility of release or parole." *Id.* at 530. Unlike

*Allen*, neither *Brush* nor this case involved an aggravating factor that increased the minimum penalty.

There is no reason to revisit the holding in *Brush* and, under *Brush*, Maldonado's vagueness challenge to RCW 9.94A.535(3)(b) fails. Accordingly, we do not reach the merits of Maldonado's vagueness argument.

B.    Sufficiency of the Evidence

Maldonado argues the evidence was insufficient to support the particularly vulnerable victim aggravating factor because the State failed to prove that LM was more vulnerable than the "typical" victim of first or second degree assault of a child. Br. of Appellant at 8. He claims the State did not meet this requirement because it offered "*no evidence* concerning the 'typical' victim of second degree assault of a child." *Id.* at 9. We reject this argument.

We review a jury's special verdict under a sufficiency of the evidence standard. *State v. Yates*, 161 Wn.2d 714, 752, 168 P.3d 359 (2007), *abrogated on other grounds by State v. Gregory*, 192 Wn.2d 1, 427 P. 3d 621 (2018). Evidence is sufficient to prove the aggravating circumstance if, after viewing the evidence in the light most favorable to the State, any rational jury could find the facts to support an aggravating circumstance beyond a reasonable doubt. *Id.*; *see* RCW 9.94A.537(3). A challenge to the sufficiency of the evidence admits the truth of the State's evidence and any inferences the jury may reasonably draw from it. *State v. Salinas*, 119 Wn.2d 192, 201, 829 P.2d 1068 (1992). We defer to the trier of fact's resolution of conflicting testimony, witness credibility, and the persuasiveness of the evidence. *State v. Thomas*, 150 Wn.2d 821, 874-75, 83 P.3d 970 (2004).

The jury was instructed to decide "[w]hether [Maldonado] knew or should have known that [LM] was particularly vulnerable or incapable of resistance." CP at 41. The instructions

defined a "'particularly vulnerable'" victim as someone who "is more vulnerable to the commission of the crime than the typical victim of [a]ssault of a [c]hild in the . . . [s]econd [d]egree" and provided, "The victim's vulnerability must also be a substantial factor in the commission of the crime." CP at 42. Relevant to this appeal, the jury instructions also stated, "A person commits the crime of assault of a child in the second degree if the . . . child is under the age of thirteen." CP at 33.

LM was younger than three months old at the time of the assault. Medical testimony at trial established that babies under three months cannot roll, crawl, pull themselves up to standing, or "be mobile at all" and "are entirely reliant upon their caregiver." VRP (June 17, 2019) at 729. One of the doctors testified that infants are more susceptible to injuries caused by shaking than older babies or young children because their heads are proportionately larger and their neck muscles are typically underdeveloped.

These facts supported the jury's verdict that LM was particularly vulnerable—more vulnerable than other children under 13—because she was completely unable to resist and uniquely vulnerable to an assault involving shaking. *See Yates*, 161 Wn.2d at 752; *see also* RCW 9.94A.537(3). Viewing the evidence in the light most favorable to the State and deferring to the jury's determinations about the persuasiveness of the evidence, this evidence was sufficient to support the jury's finding that LM was a particularly vulnerable victim. *See Thomas*, 150 Wn.2d at 874-75.

## CONCLUSION

We affirm Maldonado's 60-month sentence for second degree assault of a child.

A majority of the panel having determined that this opinion will not be printed in the Washington Appellate Reports, but will be filed for public record in accordance with RCW 2.06.040, it is so ordered.

Glasgow, J.

We concur:

Sutton, A.C.J.

Maxa, J.